In the winding up of the affairs of the insolvent Superior Novelty Manufacturing Company the present claimant H.G. Vogel 
Company filed proof of claim with the receiver, setting up a conditional sale contract between it and the insolvent corporation under which an automatic sprinkler system was sold to and installed for the latter at a price of $15,832.46, of which $12,000 had been paid before the appointment of the receiver, leaving balance due and unpaid of $3,832.46. The claimant, under the terms of the contract — *Page 524 
that title should remain in the claimant until the full contract price should be paid — claimed title to the sprinkler system and equipment.
This claim was filed June 30th, 1925. Prior thereto, on May 19th, 1925, the receiver had obtained an order to show cause upon the creditors and stockholders for a sale of the property of the insolvent company to one Simon Spitalny. Copy of this order was duly mailed to, and received by, the claimant as a creditor on the books of the insolvent company. The claimant did not appear on the return of the order to show cause or take any other action. No objection to the sale was made by any other creditor or stockholder, and the same was duly authorized and confirmed on June 2d. Four weeks later the claim above mentioned was filed by the claimant.
A hearing on the claim was held by the receiver on September 18th, 1925, and counsel for the claimant there made oral claim that the Vogel company was entitled to priority of payment over the general creditors (but subordinate to the claims of the mortgagee-creditors) for the amount of its unpaid balance of $3,832.46 out of the moneys received from the sale by the receiver to Spitalny hereinbefore mentioned.
The receiver determined that the claimant is not entitled to any "preference as against the funds in the hands of the receiver," and that the receiver had no jurisdiction "to determine the title of the claimant as against the party mortgagees," and "that the claim of H.G. Vogel Company both to title or in the alternative to priority or preference in payment must be denied."
The claimant's petition of appeal from the receiver's determination prays —
"1. That the right of petitioner to remove the property installed under its said conditional sale contract. * * * may be declared against the said Simon Spitalny and any who may claim an interest under or through him, as well as against the mortgagees hereinbefore mentioned and all other persons claiming an interest in said property." *Page 525 
Or in the alternative —
"2. That the receiver be ordered to allow petitioner's claim as a preferred claim as against the general unsecured creditors in the distribution of the proceeds of the sale * * *."
No reason can be perceived why either prayer of this petition should be granted, or why the receiver's determination should be reversed or modified.
Taken by itself, that portion of the determination "that the claim of H.G. Vogel Company * * * to title * * * must be denied," might be susceptible of the interpretation that it was a determination that the claimant had no title in the property. But in connection with the entire determination, it is perfectly clear that the determination is merely that the receiver refuses to determine whether the claimant has title or not. In such refusal the receiver was correct.
Whatever title Vogel Company may have in the property in question concededly is by virtue of the conditional sale contract and the provisions of the Uniform Conditional Sales act. P.L.1919 ch. 210 p. 461. Under the terms of the contract Vogel 
Company retained "title" to the sprinkler system and equipment until fully paid for, with the right to enter and remove the same, in case of default, and sell it to obtain moneys to pay the balance due; or it had the privilege at any time to change the conditional sale to an absolute sale, "and to pursue any statutory or other remedies in such case made and provided."
The "title" retained by the claimant (if it was retained, and we will assume that it was) was a title by way of, or for the purpose of, security for the contract price. This is apparent from the provisions of the contract and the provisions of the statute. The precise nature of this "title" need not here be determined or considered. Essentially it would seem to be similar or analogous to the title of a mortgagee, in which case the claimant would have had the title or interest of a mortgagee for security, and the insolvent company the title or interest of the mortgagor — the equity of *Page 526 
redemption — to which the receiver succeeded by operation of the Corporation act.
It is clear, however, that the receiver has no title now in the sprinkler system and equipment; that he had none at the time of the hearing nor at the time of the filing of the "claim" by Vogel Company. Whatever title the receiver had, whether that of a mortgagor or of whatever kind, passed to the purchaser Spitalny on the sale and conveyance to him by the receiver of all the assets of the company four weeks before the filing of the Vogel 
Company "claim." Whatever title or right the claimant has is a question between it and the present owner, Spitalny, plus the several mortgagees.
It is also clear that the receiver has no jurisdiction to pass upon a controversy between the claimant and Spitalny and the mortgagees. The authority given to the receiver by the seventy-sixth section of the Corporation act is to pass upon claims against the insolvent company. The claimant's claim of "title" is not now, and was not at the time of its filing, a claim against the insolvent company, but against Spitalny. It is determinable or enforceable only by a retaking of the goods (or an attempt so to do) under the contract and under the sixteenth section of the Conditional Sales act, or by legal process, which might, perhaps, be a replevin suit or a foreclosure suit, but which, in any event, would have to be a suit against the person or persons claiming title adversely to claimant. The receiver is not so doing, and the receiver has no jurisdiction to entertain such a suit. It may also be noted that neither the mortgagees nor Spitalny appeared before the receiver at the hearing, and there is no evidence of any notice to them to appear, and under such circumstances a determination would have been of no validity even if the receiver had otherwise had jurisdiction.
It would seem equally obvious that the claimant has no standing as a creditor entitled to any priority in payment out of any of the assets in the receiver's hands. In the first place, the claim filed by it is not a claim of that kind — indeed, it is not a claim for payment of any kind — but a *Page 527 
mere notice that there is an unpaid balance of $3,842 due it, and that it claims title to the goods. Doubtless the claimant might have leave to amend its claim, especially since the hearing before the receiver was, apparently, conducted on the theory that a claim for payment as a preferred creditor had been filed.
The difficulty still persists, however, that no authority is shown for preferring the payment of the Vogel Company claim over those of other creditors. This claim does not fall within any of the classes for which priority of payment is provided by the Corporation act, or any other legislation to which attention has been called. A conditional sale contract is not a chattel mortgage nor a mortgage of any kind (although the situation resulting from a conditional sale contract would seem to be similar in many respects to that resulting from a chattel mortgage or mortgage), and the Corporation act does not specify conditional sale vendors as preferred creditors.
Of course, it is doubless true that in the case of a conditional sale, where the vendor's title or lien or right to retake is undisputed, a receiver would be entirely justified in paying the conditional vendor in full in order to be able to make sale of the goods to better advantage, or that a valid agreement might be made between the conditional vendor and the receiver, whereby the receiver should be permitted to sell the goods free and clear of any lien or title of the vendor, such lien or title to attach instead to the proceeds of sale. But neither of those situations exists in the present case. The receiver did not pay, nor promise to pay, the conditional vendor in full; he did not sell, nor even purport to sell, the property free of the vendor's lien or claim, so that assuredly he did nothing (if he could have done anything without claimant's consent) to injure the claimant or impair its rights; and the claimant did nothing, so far as appears, to change its position or waive any right or lose any security which it had prior to the receivership.
The claimant's only standing would seem to be (if its claim be duly amended in that behalf) as a contingent general *Page 528 
or common creditor for such amount, if any, of its unpaid debt as shall remain unsatisfied after it has exhausted the possibilities of satisfying its debt out of the security "title," which it seems to have (and which by its sworn filed claim it asserts that it has) in that portion of the property sold to Spitalny, which is comprised in its conditional sale contract.